# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-0662V
UNPUBLISHED

SHANNON MCTERNAN,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

Chief Special Master Corcoran

Filed: June 11, 2020

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

*Bruce William Slane, Law Office of Bruce W. Slane, P.C., White Plains, NY, for petitioner.*

*Catherine Elizabeth Stolar, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On May 3, 2019, Shannon McTernan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused in fact by the influenza vaccine she received in her right arm on November 9, 2017. Petition at 1, ¶¶ 2, 27. Petitioner further alleged that she received the vaccination in the United States, suffered the residual effects of her SIRVA for more than six months, and that neither she nor any other party has filed a civil action or received compensation for her SIRVA, alleged as vaccine caused. *Id.* at ¶¶ 2, 29-31. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 27, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On June 11, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $51,405.73, representing compensation in the amount of $50,000.00 for her actual pain and suffering and $1,405.73 for her unreimburseable expenses. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $51,405.73, representing compensation in the amount of $50,000.00 for her actual pain and suffering and $1,405.73 for her unreimburseable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**


**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| | ) | |
| SHANNON MCTERNAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 19-662V |
| v. | ) | Chief Special Master Corcoran |
| | ) | ECF |
| SECRETARY OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On May 3, 2019, Shannon McTernan ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a right shoulder injury as a result of an influenza ("flu") vaccine administered on November 9, 2017.  On March 27, 2020, respondent filed a Rule 4(c) Report concluding that petitioner sustained an injury that is compensable under the Act, that is, a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table.  *See* 42 C.F.R. § 100.3.  The same day, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.

## I.      Compensation for Vaccine Injury-Related Items

### A.      Pain and Suffering

Respondent proffers that petitioner should be awarded $50,000.00 in actual and projected pain and suffering, as provided under Section 300aa-15(a)(4) of the Vaccine Act.  Petitioner agrees.

B.   Unreimbursable Expenses

Respondent proffers that petitioner should be awarded unreimbursable expenses in the amount of $1,405.73, as provided under Section 300aa-15(a)(1)(B) of the Vaccine Act. Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of $51,405.73, in the form of a check payable to petitioner, Shannon McTernan.

## III.   Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Shannon McTernan:                    **$51,405.73**


Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

s/ Catherine E. Stolar
CATHERINE E. STOLAR
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:  (202) 353-3299
Fax:  (202) 616-4310
Email:  catherine.stolar@usdoj.gov

DATED: 6/11/20

3